IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| MICHAEL VILLASENOR,<br>*Plaintiff* | § <br> § <br> § | |
| v. | § <br> § | MO:24-CV-00247-DC |
| MICHAEL MILLER, ERIC WHITAKER,<br>*Defendants* | § <br> § <br> § <br> § | |

## ORDER

Before the Court is United States Magistrate Judge Ronald C. Griffin's report and recommendation[1] concerning Michael Miller and Eric Whitaker's motion to dismiss.[2] In his report and recommendation, Judge Griffin recommends that the Court grant the motion.[3] Both parties timely filed objections.[4]

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court.[5] Because all parties timely objected to, in essence, the entire report and recommendation, the Court reviews the report and recommendation *de novo*.[6] Having done so, the Court overrules Michael Villasenor's objections, sustains Miller and Whitakers' objections, and adopts the report and recommendation's ultimate conclusion.

---

[1] ECF No. 12.
[2] ECF No. 7.
[3] ECF No. 12.
[4] ECF Nos 13, 14.
[5] 28 U.S.C. § 636(b)(1)(C).
[6] The Court incorporates by reference the Magistrate Judge's legal standard section.

It should be no surprise that magistrate judges often feel they must—in their reports and recommendations—run the traps, leave no stone unturned, and toss in every consideration but the kitchen sink. Pick an idiom, any idiom. Put another way, given their assistive role to the district courts, magistrate judges may feel that they must chase down all possibles. And frequently those are the marching orders. Here, the Magistrate Judge did just that: (1) he assessed a messy fact pattern against a multifactor test, (2) reviewed hours of bodycam footage referred to by all parties, and (3) made recommendations on both prongs of qualified immunity where case law permits (a) starting at either prong and (b) stopping when a § 1983 plaintiff fails to meet that prong.[7] All traps?: checked. All stones?: turned. All things?: tossed in (other than the kitchen sink, of course).

It is clearer, though, that district courts should refuse to bury the lede, striving instead to frontload answers with efficiency. This is particularly true with the constitutional questions inherent to § 1983 claims and their messy fact patterns.[8] But even more generally there's a baseline common sense to not overwork judicial work product. Where "it is not necessary to decide more, it is necessary not to decide more."[9]

---

[7] *See* ECF No 12; *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808, 818, 172 L. Ed. 2d 565 (2009) ("The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.").

[8] *Pearson*, 522 U.S. at 239 ("Thus, there will be cases in which a court will rather quickly and easily decide that there was no violation of clearly established law before turning to the more difficult question whether the relevant facts make out a constitutional question at all. In such situations, there is a risk that a court may not devote as much care as it would in other circumstances to the decision of the constitutional issue.").

[9] *PDK Lab'ys Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part).

This Court therefore begins and ends with the second prong of § 1983 analysis.[10] In short, Villasenor fails to produce a case that would show the alleged violations were clearly established at the time of the incident.[11] This is his burden which he cannot meet by citation to broad characterizations and generalizations of the law.[12] The Magistrate Judge drives this point home in his final analysis section.

To review, the clearly established prong of qualified immunity involves two questions: (1) whether the violated constitutional right was clearly established at the time of the incident and, if so, (2) whether the conduct of Defendants was objectively unreasonable in light of the clearly established law.[13] "To show the law is clearly established, a party must 'identify a case where an officer acting under similar circumstances . . . was held to have violated the Fourth Amendment.'"[14] Further, a court "cannot deny qualified immunity without identifying a case in which an officer acting under similar circumstances was held to have violated the Fourth Amendment, and without explaining why the case clearly proscribed the conduct of that individual officer."[15]

---

[10] *See Pearson*, 555 U.S. at 236.
[11] *See* ECF Nos. 8, 13.
[12] *Rich v. Palko*, 920 F.3d 288, 294 (5th Cir. 2019) (quoting *Vann v. City of Southaven*, 884 F.3d 307, 310 (5th Cir. 2018) ("It is the plaintiff's burden to find a case in his favor that does not define the law at a high level of generality."); *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015) ("Abstract or general statements of legal principle untethered to analogous or near-analogous facts are not sufficient to establish a right clearly in a given context; rather, the inquiry must focus on whether a right is clearly established as to the specific facts of the case.").
[13] *Bradyn S. v. Waxahachie Indep. Sch. Dist.*, 407 F. Supp. 3d 612, 623 (N.D. Tex. 2019) (citing *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017)).
[14] *Nerio v. Evans*, 974 F.3d 571, 575 (5th Cir. 2020) (quoting *D.C. v. Wesby*, 583 U.S. 48, 64 (2018)).
[15] *Bradyn S. v. Waxahachie Indep. Sch. Dist.*, 407 F. Supp. 3d 612, 623 (N.D. Tex. 2019) (citing *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017)).

As the Magistrate Judge found, Villasenor fails to even attempt to identify such a case to the Court. And neither the Magistrate Judge nor this Court has found a case with similar facts.[16] "Because there is no case on point in which the officers' conduct was found to be unconstitutional, [Villasenor] has failed to show [Miller and Whitaker] acted in an objectively unreasonable manner."[17] No precedent places the constitutional question beyond debate; Villasenor's claim therefore cannot proceed. Miller and Whitaker are entitled to qualified immunity as to Villasenor's illegal search claim.

Accordingly, the Court **ORDERS** that the ultimate conclusion of United States Magistrate Judge Ronald C. Griffin's report and recommendation is **ADOPTED**.[18] Miller and Whitaker's motion to dismiss is **GRANTED**.[19] Villasenor's claim of illegal search is **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

SIGNED this 30th day of July, 2025.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[16] For these limited purposes, the Court adopts the Magistrate Judge's fact pattern.
[17] ECF No. 12 at 21.
[18] ECF No. 12.
[19] ECF No. 7.